

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable F. M. Law
President, Board of Directors
A. & M. College
College Station, Texas

Dear Sir:

Opinion No. 0-6037

Re: Power of Board of Directors of A. & M.
College to delegate to President authority
under Article 2613, V. A. C. S., to appoint
officers, teachers and employees.

We acknowledge receipt of your opinion request reading, in part, as follows:

"R. C. S., Art. 2613 states that the Board of Directors of the Agricultural and Mechanical College of Texas ' shall, when necessary, appoint the president and professors of the college and such other officers as, from time to time, they may think proper to keep the college in successful operation and may from time to time abolish any office that is in their judgment _unnecessary._'

"As a practical matter, it is impossible for the Board of Directors to know that merits or demerits of each individual officer, teacher and employee at the college. The board necessarily must rely upon the administrative officers with respect to all officers, teachers and employees below a certain bracket. With these thoughts in mind, the Board at an early date will consider passing the following rule:

"'The president of the college, the vice president and dean of the college, the deans, the business manager, the directors of extramural services, and the dean and principal of the branch colleges shall be elected by the Board of Directors. All other officers, teachers and employees shall be appointed by the president of the college, upon the advise and recommendation of the head of the department concerned. Any officer, teacher or employee may be dismissed at any time for cause upon a majority vote of the entire Board of Directors.'"

"If the above rule would be contrary to the law in any respect, then the Board would like to know if such objection would be cured by adding after the word 'concerned' this language: 'subject to confirmation of the Board of Directors.'

"In short, the Board is desirous of knowing whether or not it may legally delegate any of its powers contained in the above quoted R. C. S., Art. 2613, and, if so, to what extent."

It is our opinion that the Board of Directors may not delegate to the president of the college the power to appoint officers and professors upon the advice and recommendation of the head of the department concerned. The appointment of these persons involves the exercise of discretion and since the statute imposes the duty to make such appointments on the Board of Directors, the law prohibits a delegation of the power. Horne Zoological Arena Co. v. City of Dallas, 45 S. W. (2) 714. Webster v. Texas & Pacific Motor Transport Co., 140 Tex. 131, 166 S. W. (2) 75.

It is our further opinion that the words "subject to confirmation of the Board of Directors" after the word "concerned" would correct the suggested rule.

The creation of an advisory Board whose acts are not binding until approved by the governing body is not a delegation of power. Moore v. Logan, 10 S. W. (2) 428.

Trusting that the foregoing answers your inquires, we are.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Fagan Dickson

By
    Fagan Dickson
      Assistant

Q

FD:Bt
c/b LDW

APPROVED MAY 29, 1944
s/ ACTING GEORGE C. BLACKBURN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY Q. S. CHAIRMAN